*EASTERN DISTRICT COURT*
*EASTERN DISTRICT OF LOUISIANA*

*2014 JUN 26 PH 4: 35*

*WILLIAM BLEVINS*
*CLERK*

**FELONY**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

INDICTMENT FOR
VIOLATIONS OF THE ACT TO PREVENT POLLUTION FROM SHIPS,
OBSTRUCTION OF JUSTICE, AND WITNESS TAMPERING

| | | | |
|---|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL NO: | **14-128** |
| v. | * | SECTION: | **SECT. K MAG. 4** |
| MATTHAIOS FAFALIOS | * | VIOLATIONS: | 33 U.S.C. § 1908(a) |
| | | | 18 U.S.C. § 1505 |
| | * | | 18 U.S.C. § 1512(b)(3) |

\* \* \*

The Grand Jury charges that:

<u>COUNT ONE</u>

A.     <u>AT ALL TIMES MATERIAL HEREIN:</u>

1.     The United States is part of an international regime that regulates discharges of oil from vessels at sea: the International Convention for the Prevention of Pollution from Ships, as modified by the Protocol of 1978 (the "MARPOL Protocol"). The MARPOL Protocol was enacted into United States law by the Act to Prevent Pollution from Ships (APPS), Title 33, United States Code, Sections 1901, *et seq*. APPS makes it a crime for any person to knowingly violate the MARPOL Protocol, APPS, or regulations promulgated under APPS. The



_Fee $25.00_
_√ Process_____
_X Dktd_____
___CtRmDep_____
___Doc. No._____

regulations promulgated under APPS apply to all commercial vessels over 400 gross tons operating in United States waters or while at a port or terminal under the jurisdiction of the United States, including vessels operating under the authority of a country other than the United States. 33 C.F.R. § 151.09(a)(5).

2. On large commercial vessels bilge waste accumulates in bilge wells, the bottommost part of the vessel. Periodically this waste is pumped into a bilge holding tank. Bilge waste consists of water originating from spills and leaks from piping, tanks, or from rain and waves. This waste may be contaminated with oil, oil residue, lubrication fluids, and other liquids that leak or drip from engines or pipes and hoses that run throughout the ship. In order to maintain bilges at safe levels, bilge tanks and wells must be periodically emptied. This can be done in one of two ways: (1) bilge waste can be discharged ashore to a waste reception facility or, (2) it may be pumped over the side of the ship using an Oil Water Separator ("OWS"). Pursuant to MARPOL and APPS, oil-contaminated wastes may be discharged overboard into the ocean only if they contain 15 parts per million ("ppm") or less concentration of oil. The principal technology utilized to lower the oil content of oil-contaminated waste is an OWS, which includes an Oil Content Monitor ("OCM") to detect and prevent concentrations of oil in excess of 15 ppm from being discharged overboard.

3. Consistent with the requirements contained in MARPOL, APPS regulations require that a non-oil tanker ship of 400 gross tons and above maintain a record known as an Oil Record Book ("ORB") in which all disposals of oil residue and the discharge overboard or disposal otherwise of bilge waste and sludge that has accumulated in the machinery spaces must be recorded. 33 C.F.R. § 151.25(d). Specifically, discharges of bilge waste, sludge, and oily mixtures must be fully recorded, without delay, in the ORB by the person in charge of the

operations. *Id.* The ORB also must contain entries concerning any emergency, accidental, or other exceptional discharges of oil or mixtures. 33 C.F.R. § 151.25(g). The ORB must be maintained onboard the vessel for not less than three years, and be readily available for inspection at all reasonable times. 33 C.F.R. § 151.25.

4. The United States Coast Guard, an agency of the United States Department of Homeland Security, is charged with enforcing the laws of the United States and is empowered under Title 14 United States Code Section 89(a) to board vessels and conduct inspections and investigations of potential violations of international and United States law including MARPOL and APPS. In conducting inspections, commonly known as Port State Control inspections, United States Coast Guard personnel rely on the statements of the vessel's crew and documents, including information contained in the ORB. The United States Coast Guard is specifically authorized to examine the vessel's ORB to determine, among other things, whether the vessel has operable pollution prevention equipment and appropriate procedures, whether it poses any danger to United States' ports and waters, and whether the vessel has discharged any oil or oily mixtures in violation of MARPOL, APPS, or any applicable federal regulations. 33 C.F.R. § 151.23(a)(3) and (c). If the United States Coast Guard finds evidence that a vessel is not in substantial compliance with MARPOL or APPS, the United States Coast Guard is empowered to deny a vessel's entry into a United States' port or detain the vessel until it is determined that the vessel does not present an unreasonable threat to the marine environment. 33 C.F.R. §§ 151.07(b) and 151.23(b).

5. The *M/V Trident Navigator* was a 38,802 gross ton ocean-going bulk carrier cargo ship built in 2000. The *M/V Trident Navigator* was approximately 225 meters in length, was

registered in the Marshall Islands, and had an International Maritime Organization (IMO) number of 9206073.

6.  The engine department of the *M/V Trident Navigator* consisted of a Chief Engineer, Second Engineer, Third Engineer, Electrician, Fitter, and several other ratings known as Oilers and Wipers. The Chief Engineer supervised the work of the engineering crew and had overall responsibility for the operations occurring in the engine room. Defendant **MATTHAIOS FAFALIOS** served as the Chief Engineer on the *M/V Trident Navigator* from on or about December 3, 2013, until on or about January 18, 2014. Defendant **MATTHAIOS FAFALIOS** was a person in charge of operations in the engine room and that he was required to record in the ORB.

## B. ACT TO PREVENT POLLUTION FROM SHIPS VIOLATION

1.  On or about January 18, 2014, within the navigable waters, internal waters, and ports of the Eastern District of Louisiana, defendant **MATTHAIOS FAFALIOS** did knowingly fail to maintain an Oil Record Book for the *M/V Trident Navigator* in which all disposals of oil residue and discharges overboard and disposals otherwise of oily mixtures, slops from bilges, and bilge waste that accumulated in machinery spaces were fully recorded. Specifically, on or about January 18, 2014, the defendant, **MATTHAIOS FAFALIOS**, failed to maintain an accurate Oil Record Book by failing to disclose a discharge of bilge water that had accumulated in a machinery space that had been made with bypass equipment and without the use of a properly functioning Oily Water Separator and Oil Content Monitor, all in violation of Title 33, United States Code, Section 1908(a) and Title 33, Code of Federal Regulations, Section 151.25(a),(d), and (h) and the MARPOL Protocol, Annex I, Regulation 17, 1340 U.N.T.S. 61, 62 & 184.

## COUNT TWO

A.   The allegations contained in Section A of Count One are realleged and incorporated as if fully set forth herein.

B.   **OBSTRUCTION OF JUSTICE VIOLATION (18 U.S.C. § 1505)**:

On or about January 18, 2014, within the navigable waters, internal waters and ports of the Eastern District of Louisiana, defendant **MATTHAIOS FAFALIOS**, did corruptly influence, obstruct and impede, and endeavor to influence, obstruct, and impede the due and proper administration of the law under a pending proceeding by the United States Coast Guard and the Department of Homeland Security, to wit, after the Coast Guard began a Port State Control inspection of the *M/V Trident Navigator* to determine the vessel's compliance with MARPOL and United States law, defendant **MATTHAIOS FAFALIOS**, (1) falsely stated to Coast Guard personnel that equipment was not used to bypass the Oil Water Separator but instead was used for another purpose, (2) cut the bypass hose nearly in half and falsely stated there was no oil in the hose and (3) endeavored to prevent Coast Guard personnel from finding certain documents including the vessel's Sounding Log; all in violation of Title 18, United States Code, Section 1505.

## COUNT THREE

A.   The allegations contained in Section A of Count One are realleged and incorporated as if fully set forth herein.

B.   **WITNESS TAMPERING**

Between on or about January 18, 2014, and on or about January 28, 2014, within the Eastern District of Louisiana, defendant **MATTHAIOS FAFALIOS**, did knowingly use intimidation, corruptly persuade, and attempt to persuade, another person with the intent to hinder, delay, and prevent the communication to a law enforcement officer of the United States of information relating to the commission or possible commission of a Federal offense, to wit, after the Coast Guard began a Port State Control inspection of the *M/V Trident Navigator* to determine the vessel's compliance with MARPOL and United States law, defendant **MATTHAIOS FAFALIOS**, (1) while aboard the vessel, instructed engineering crew members to deny that bypass equipment was used to discharge bilge water that had accumulated in a machinery space directly into the sea, (2) while aboard the vessel provided the Second Engineer and Third Engineer a list of events to memorize in order to keep their stories consistent, and (3) while at a hotel instructed the Second Engineer and Third Engineer to continue to deny that bypass equipment was used, all in violation of Title 18, United States Code, Section 1512(b)(3).

## NOTICE OF FORFEITURE

1. The allegations of Counts 1 through 3 of this Indictment are realleged and incorporated by reference as though set forth fully herein for the purpose of alleging forfeiture to the United States of America pursuant to the provisions of Title 18, United States Code, Sections 1505 and 1512(b), Title 33, United States Code, Section 1908(a), and Title 18, United States Code, Section 981(a)(1)(C), made applicable through Title 28, United States Code, Section 2461(c).

2. As a result of the offenses alleged in Counts 1 through 3, the defendant, **MATTHAIOS FAFALIOS**, shall forfeit to the United States pursuant to Title 18, United States Code, Sections 1505 and 1512(b), Title 33, United States Code, Section 1908(a), and Title 18, United States Code, Section 981(a)(1)(C), made applicable through Title 28, United States Code, Section 2461(c), any and all property, real or personal, which constitutes, or was derived from, proceeds traceable to violations of Title 18, United States Code, Sections 1505 and 1512(b) and Title 33, United States Code, Section 1908(a).

3. If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendant(s):

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third person;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of said defendant up to the value of the above forfeitable property.

All in violation of Title 18, United States Code, Section 981(a)(1)(C), made applicable through Title 28, United States Code, Section 2461(c)

KENNETH A. POLITE, Jr.
UNITED STATES ATTORNEY

FOREPERSON'S SIGNATURE
HAS BEEN REDACTED

EMILY K. GREENFIELD
Assistant United States Attorney
La. Bar Roll No. 28587

KENNETH E. NELSON, VA. No. 68484
Trial Attorney
Environmental Crimes Section

June 26, 2014
New Orleans, Louisiana

FORM OBD-34

No. _____

**UNITED STATES DISTRICT COURT**

Eastern District of Louisiana

Criminal Division

THE UNITED STATES OF AMERICA

vs.

MATTHAIOS FAFALIOS

**INDICTMENT**

INDICTMENT FOR VIOLATIONS OF THE ACT TO PREVENT POLLUTION FROM SHIPS, OBSTRUCTION OF JUSTICE, AND WITNESS TAMPERING

VIOLATIONS: 33 U.S.C. § 1908(a)
18 U.S.C. § 1505
18 U.S.C. § 1512(b)(3)

FOREPERSON'S SIGNATURE
HAS BEEN REDACTED

Filed in open court this _____ day, of _____ A.D. 2014.

_____ Clerk

Bail, $ _____

**EMILY K. GREENFIELD**
Assistant United States Attorney